Tagged Opinion



ORDERED in the Southern District of Florida on June 17, 2010.

John K. Olson, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

Arthur **Simon,**

    Debtor.

_____/

Nelson **Botwinick**,

    Plaintiff,

-v-

Arthur **Simon**,

    Defendant.

_____/

Case No.: 09-13747-BKC-JKO

Chapter 7

Adversary Proceeding No.:

09-01943-JKO

**ORDER DENYING DEFENDANT'S MOTION**
**TO DISMISS AMENDED COMPLAINT [DE 19]**

-1-

Plaintiff Nelson Botwinick brings this action under 11 U.S.C. § 523 seeking a determination of nondischargeability.[1]  Defendant Debtor Arthur Simon now asks me to dismiss the Amended Complaint because the Plaintiff allegedly lacks standing and is not the real party in interest.[2] I exercise core jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(I) and will deny the Defendant's Motion to Dismiss the Amended Complaint[3] for the following reasons.

*Background*

Botwinick and Simon jointly owned a company which borrowed money from Citibank,[4] and on or about February 1, 2006 each signed personal guaranties to secure the financing.[5] Botwinick alleges that he relied upon Simon's personal guaranty (in the context of their 50/50 joint ownership of the company and Simon's substantial personal assets) as a representation that Simon would contribute equally to the full repayment of the Citibank loans.[6]  The jointly-owned company apparently ceased operations in early 2007 and owed Citibank $312,156 at that time.[7]  Botwinick now brings this action because he claims to have made all payments due under the Citibank notes since operations ceased, and he therefore wishes to pursue Simon for contribution.[8]

---

[1] *See* [DE 8].

[2] *See* [DE 19].

[3] *Id.*

[4] *See*, *e.g, id.*

[5] *See*, *e.g, id.* (A third party officer of the company also signed a personal guaranty, but is not involved in this adversary proceeding).

[6] *See id.,* at ¶ 6; [DE 8], at ¶¶ 10, 21.

[7] *See* [DE 8], at ¶ 11.

[8] *See, e.g., id.* at ¶ 12.

Simon asks me to dismiss Botwinick's Amended Complaint because Botwinick lacks standing to bring this action.[9] Simon argues that, because the subject debt is owed to *Citibank*, Botwinick fails to allege that *Simon* "obtained money, property, services, or credit" from "the creditor to whom such debt is owed" as required by § 523(c)(1).[10] Further, Simon argues that Botwinick is not the real party in interest here because he is not "the person holding the substantive right sought to be enforced" but rather "a person who will ultimately benefit from the recovery."[11] Simon therefore believes that allowing this suit would risk multiple lawsuits if Citibank chose to file a nondischargeability complaint.

Botwinick apparently continues to pay the amounts due under the notes to Citibank, and it is doubtful that Citibank has or will devote much collection effort to a current account. Regardless, the narrow legal question here is whether Botwinick is a "creditor" for purposes of § 523 and therefore the real party in interest here.

*Discussion*

The Bankruptcy Code will discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit" even if "obtained by . . . false pretenses, a false representation, or actual fraud . . . " unless " . . . on request of the creditor to whom such debt is owed . . . the court determines such debt to be excepted from discharge . . . " 11 U.S.C. §§ 523(a)(2)(A); (c)(1). The term "creditor" is defined by the Bankruptcy Code as an "entity that has a claim against the debtor that arose at the time of or before the [bankruptcy petition date.]" § 101(10)(A).

---

[9] *See* [DE 19], at ¶ 16-19

[10] *See id.*

[11] *Id. at* ¶ 21.

-3-

"The only requirement for standing to bring a nondischargeability action based on § 523(a) of the Bankruptcy Code is that the action must be brought by a creditor." *In re Sewell*, 413 B.R. 562, 568 (Bankr. E.D. Tex. 2009); *see also In re Cannon*, 741 F.2d 1139, 1141 (8th Cir. 1984). Under Florida law, "an obligor who has paid in excess of his *pro rata* share of the obligation, is entitled at law to contribution from the other obligors for their *aliquot* share." *Campbell v. Gordon*, 674 So.2d 783 (Fla. 1st DCA 1996) (citing *Fletcher v. Anderson*, 616 So. 2d 1201, 1202 (Fla. 2d DCA 1993)). Botwinick has alleged that he and Simon are joint obligors on the Citibank debt and that he has paid more than his fair share of the obligation.[12] Therefore, for pleading purposes, Botwinick is facially an "entity that has a claim against the debtor that arose at the time of or before the [bankruptcy petition date]" and is therefore a "creditor to whom such debt is owed" with standing to bring this action. §§ 101(10)(A); 523(a)(2)(A); (c)(1).

Simon argues that "any right of contribution that the plaintiff may be entitled to regarding his repayment of the Citibank loans bears no relation to the Debtor's alleged wrongful or fraudulent dealings with Citibank."[13] But whether there is a relation between the alleged wrongful activity and Simon's contribution claim is, at best, a factual dispute. Botwinick specifically alleges that Simon began actively dissipating assets on March 28, 2006.[14] The personal guaranties were signed on or about February 1, 2006.[15] Whether the alleged wrongful activity bears upon § 523 nondischargeability of Botwinick's contribution claim therefore needs exploration.

---

[12] *See* [DE 8], at ¶¶ 10-12.

[13] [DE 19], at 5 (capitalization altered and period inserted).

[14] [DE 8], at ¶ 19.

[15] *Id.* at ¶ 9.

*Conclusion*

Botwinick has alleged that he and Simon are joint obligors on the Citibank debt and that he has paid more than his fair share of the obligation. For pleading purposes, Botwinick is facially an "entity that has a claim against the debtor that arose at the time of or before the [bankruptcy petition date]" and is therefore a "creditor to whom such debt is owed" with standing to bring this action. §§ 101(10)(A); 523(a)(2)(A); (c)(1). Botwinick also specifically alleges that Simon began actively dissipating assets approximately two months after signing the personal guarantee which gives rise to Botwinick's contribution claim. The Amended Complaint therefore states a claim upon which relief may be granted. As such, the Defendant's Motion to Dismiss the Amended Complaint **[DE 19]** is **DENIED**.

SO ORDERED.

# # #

Copies to:   All interested parties registered to receive notice.